In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2522

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICARDO GARCIA-SEGURA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 CR 603—**James B. Zagel**, *Judge*.

ARGUED APRIL 30, 2013—DECIDED JUNE 3, 2013

Before FLAUM, WOOD, and HAMILTON, *Circuit Judges*.

FLAUM, *Circuit Judge*.  Ricardo Garcia-Segura appeals his sentence for unauthorized presence in the United States after removal, arguing that the district court failed to specifically address his argument that his sentence should be reduced to account for his lost opportunity, allegedly caused by the government's delay in charging him, to serve his federal prison term concurrently with his unrelated state sentence. Because the court acknowl-

edged and rejected Garcia-Segura's argument before imposing the sentence, we affirm.

Since entering the United States from Mexico in 1993, Garcia-Segura has had numerous encounters with law enforcement, including arrests for driving under the influence of alcohol, possession of a stolen motor vehicle, and domestic battery. He was first removed from this country in 2003 after serving two years in jail for possessing cocaine. Less than two months later, he was arrested in the United States for delivering cocaine to an undercover officer. After serving part of his nine-year prison sentence for that offense, he was removed a second time in 2007 but returned to this country within three days. In January 2009, he encountered immigration officials while incarcerated in county jail on charges of possession of cocaine and possession of a firearm by a felon. A year and a half later, he was charged with unauthorized presence in the United States after removal, *see* 18 U.S.C. § 1326(a), and eventually pleaded guilty.

Garcia-Segura sought a below-guidelines sentence, proposing a 19-month reduction to account for the time he served in county jail after immigration officials learned of his illegal presence in this country but before he was charged. He argued that he was entitled to this credit because, had the government charged him when immigration officials first discovered him, he would have received concurrent sentences. The government responded that even absent any delay, concurrent sentences would have been inappropriate because Garcia-Segura's state crimes were unrelated to the illegal-reentry

charge. *See United States v. Villegas-Miranda*, 579 F.3d 798, 803 (7th Cir. 2009). The government also argued that Garcia-Segura's recidivism and criminal history merited a more severe sentence.

The district court ultimately sentenced Garcia-Segura to 90 months' imprisonment, within the guideline range of 77 to 96 months. Before announcing the sentence, the court acknowledged its discretion to impose a below-guidelines sentence to account for Garcia-Segura's state incarceration, but it concluded that a longer sentence was necessary because his previous sentences were insufficient to deter him from repeatedly reentering this country and committing additional crimes.

A sentencing court must address a defendant's principal arguments in mitigation unless they are too weak to merit discussion. *See United States v. Marin-Castano*, 688 F.3d 899, 902 (7th Cir. 2012); *United States v. Curby*, 595 F.3d 794, 797 (7th Cir. 2000)*; United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Relying on *Villegas-Miranda*, Garcia-Segura now insists that the district court failed to address the argument that he was entitled to a 19-month state sentence credit. But *Villegas-Miranda* is distinguishable; in that case the district court passed over the defendant's similar mitigation argument in silence. 579 F.3d at 802. Here, in contrast, the district court acknowledged Garcia-Segura's argument and recognized its discretion to account for the 19 months.[1]

---

[1] We reserved the question of whether the district court indeed had that discretion in *Villegas-Miranda*. 579 F.3d at 802. *United*
(continued...)

The court then rejected his mitigation arguments, stating that they "would have some significant force if this weren't going to be the third time he was sent back." It concluded that a within-guidelines sentence was necessary to deter him from further criminal activity. *See United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010) (no error, even when district court implicitly rejected defendant's argument in mitigation by acknowledging it but concluding that other factors warranted the sentence imposed); *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010) (same); *United States v. Poetz*, 582 F.3d 835, 837-39 (7th Cir. 2009) (same); *Curby*, 595 F.3d at 796, 798 (same).

Although we conclude that the district court adequately addressed the defendant's principal arguments in this case, we note that similar appellate challenges are not uncommon. In order to ensure that defendants feel that they have had such arguments in mitigation addressed by the court and to aid appellate review, after imposing sentence but before advising the de-

---

[1] (...continued)

*States v. Campbell*, 617 F.3d 958 (7th Cir. 2010), however, suggests the court had such discretion. In *Campbell* we concluded that U.S.S.G. § 5G1.2(c) did not limit the sentencing court's discretion post-*Booker* to adjust a defendant's federal sentence to account for time already served on his state revocation of supervised release. 617 F.3d at 962. But unlike here, the defendant in *Campbell* was still subject to an undischarged term of imprisonment when he was sentenced for his federal offense, putting the sentencing within the purview of U.S.S.G. § 5G1.2.

fendant of his right to appeal, we encourage sentencing courts to inquire of defense counsel whether they are satisfied that the court has addressed their main arguments in mitigation. If the response is in the affirmative, a later challenge for failure to address a principal mitigation argument under the reasoning of *Cunningham* would be considered waived. If not, the trial court would have the opportunity to clarify whether it determined that the argument was "so weak as not to merit discussion," lacked a factual basis, or has rejected the argument and provide a reason why. *See Cunningham*, 429 F.3d at 679. An affirmative answer, however, would not waive an argument as to the merits or reasonableness of the court's treatment of the issue.

Finally, Garcia-Segura challenges the reasonableness of his prison sentence, insisting that the 19-month credit was "consistent" with U.S.S.G. § 5G1.3 and serves the purposes of punishment. But Garcia-Segura has not identified any reason to set aside the presumption of reasonableness applicable to sentences within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *Marin-Castano*, 688 F.3d at 905. Just because the sentencing court may have been authorized to account for the 19-month delay does not mean that it acted unreasonably when refusing to do so. *See Campbell*, 617 F.3d at 962; *United States v. McNeil*, 573 F.3d 479, 484 (7th Cir. 2009). And we have recognized the reasonableness of consecutive sentences when, as here, the underlying crimes are unrelated. *See United States v. Padilla*, 618 F.3d 643, 647 (7th Cir. 2010); *United States v. Statham*, 581 F.3d 548, 555 (7th Cir. 2009). Garcia-Segura's state sentence was for drug and firearm posses-

sion, convictions in no way related to his federal offense of unauthorized presence in the United States after removal.

The district court acknowledged its discretion to account for the delayed charges but concluded that 90 months' imprisonment was necessary to deter Garcia-Segura from future violations of § 1326(a). It did not overlook Garcia-Segura's principal argument, and the sentence was reasonable. Therefore, we affirm Garcia-Segura's sentence.