NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 1, 2013
Decided June 14, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3117

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois. |
| *v.* | |
| | No. 1:09-cr-00327-1 |
| FRANK DIAZ, | |
| *Defendant-Appellant*. | Virginia M. Kendall, |
| | *Judge*. |

**O R D E R**

In 2007, defendant Frank Diaz participated in a bank fraud scheme in which he and his partners obtained stolen checks, forged endorsements on them, and then deposited the stolen and fraudulently endorsed checks at multiple Chicago-area banks.  Diaz and his co-participants then transferred, withdrew, and spent the funds they obtained.  Diaz was caught and indicted.  He ultimately pled guilty to one count of bank fraud, 18 U.S.C. § 1344, and one count of unlawfully using a means of identification of another person, 18 U.S.C. § 1028A(a)(1).  He was sentenced to 48 months in prison on the bank fraud count

and a consecutive 24 month term on the aggravated identity theft count for a total of 72 months in prison.

Diaz challenges his sentence on appeal. His briefs raise three issues, but we need only address one. Pursuant to this circuit's precedents, the district court applied the sentencing guidelines that were in effect on the date Diaz was sentenced, not the guidelines that were in effect at the time he committed his crimes. Diaz argues that the later set of guidelines increased the district court's calculation of the number of victims of his bank fraud and resulted in the improper imposition of a 4-level offense level enhancement under U.S.S.G. § 2B1.1(b)(2)(B) in violation of the *ex post facto* clause of the Constitution. On June 10, 2013, while his appeal was pending, the Supreme Court decided *Peugh v. United States*, ___ U.S. ___, ___ S.Ct. ___, 2013 WL 2459523 (June 10, 2013). The Court reversed this circuit's precedent and held that the *ex post facto* clause of the Constitution is violated when a defendant is sentenced under guidelines that were promulgated after the commission of his criminal acts that result in a more punitive guidelines range than would have applied under the guidelines in effect at the time the offense was committed. *Id.* at *10 ("A retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation.")

The sentencing transcript does not make clear that the district court would have applied the same sentence under the older guidelines, and the government has not argued that any *ex post facto* violation would have been harmless error. See, *e.g.*, *id.* at *14, n.8. Accordingly, we vacate and remand for resentencing pursuant to *Peugh*. Given the number of arguments Diaz raised in mitigation at his original sentencing and his argument on appeal that the district court failed to address his principal arguments sufficiently, in the resentencing the district court may wish to apply the procedure we outlined in *United States v. Garcia-Segura*, ___ F.3d ___, ___, 2013 WL 2402682, at *2 (7th Cir. June 3, 2013).

VACATED AND REMANDED.