In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2548

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STEPHANIE L. DONELLI,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cr-139-01 — **Sarah Evans Barker**, *Judge.*

ARGUED MARCH 5, 2014 — DECIDED APRIL 7, 2014

Before EASTERBROOK, MANION, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Defendant Stephanie Donelli appeals the 60-month prison sentence she received after pleading guilty to wire fraud and tax evasion. She argues that the district court made a procedural error by failing to address her diagnosis of a mental illness, bipolar II disorder, which Donelli now calls a "principal argument in mitigation."

Since our decision in *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), we have required sentencing judges to address a defendant's principal arguments in mitigation when those arguments have recognized legal merit. See, *e.g.*, *United States v. Vidal*, 705 F.3d 742, 744 (7th Cir. 2013); *United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012); *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010). Our cases do not show clearly, however, what is necessary for a defendant's mitigation argument to trigger the district court's duty to explain under *Cunningham*. Donelli asserts that briefly mentioning her bipolar disorder at sentencing was enough to require a response from the district court.

We disagree, and we affirm Donelli's sentence for two independent reasons. First, she failed to present the fact of her diagnosis as a principal argument in mitigation relevant to her sentence. Second, she waived her claim of a *Cunningham* procedural error by telling the district court at the close of her sentencing hearing that she had no objection to her sentence apart from the fact that the sentence was above the guideline range.

I.    *Donelli's Crimes*

In 2007 Donelli and her family began renting a home from an elderly couple, Ruth and Eugene Vigus. For the next four years Donelli led the Viguses to believe that her minor daughter would receive a $750,000 settlement from an oil company after suing for injuries sustained in a car accident with a drunk employee of the company. Apart from the fact that Donelli had a young daughter, the story was entirely false.

Using this ruse, Donelli persuaded the Viguses to "lend" her money more than 500 times to get her family through tough straits until the long-awaited settlement arrived. Each time Donelli signed a promissory note, even committing to paying interest. These phony loans totaled almost $443,000, much of it spent on lavish vacations with her family. None of the money was reported to the IRS as income. The Viguses never saw a dime of their money again. As a result of this fraud, Donelli was indicted on five counts of tax evasion, 26 U.S.C. § 7201, and one count of wire fraud, 18 U.S.C. § 1343.

II. *The Presentence Report*

Donelli agreed to plead guilty to all charges under a plea agreement. The United States Probation Office prepared a presentence report. The report said that Donelli had sought treatment for drug abuse in May 2012 from Dr. Michael J. Deal, an Indianapolis psychiatrist. The probation officer had reviewed records from Dr. Deal, who prescribed medication for opioid addiction and also diagnosed Donelli with "Type II Bipolar Disorder." Beyond the report of the *diagnosis* of bipolar II disorder, though, the report included no information about this mental illness or its impact on Donelli. The report did not conclude or even suggest that the illness was a contributing factor in Donelli's crimes, past or present.

The presentence report calculated a total offense level of 20 and placed Donelli within criminal history category III. The district court ultimately adopted the entire presentence report, including the uncontested guideline calculations. Donelli's guideline imprisonment range was 41 to 51 months.

III. *The Sentencing Hearing*

Donelli did not submit a sentencing memorandum, nor did she present any evidence during the sentencing proceeding except for letters of support from her husband and children. She exercised her right to speak on her own behalf at sentencing. Donelli attributed her fraud against the Viguses to her addiction to prescription opioids. The district judge acknowledged the reference in the presentence report to Donelli's diagnosis of bipolar II disorder, which prompted the judge to ask Donelli:

> [D]o you still sense that you need some mental health counseling? I mean, was it just a problem of getting off the drugs or is there something in there, some mystery, that needs to be unlocked with respect to why you became addicted and why you resorted to these means?

Donelli replied: "No, it's just—I lost my dad at age 12 … . Then I lost my mother in 2006. And that's when it became really bad."

Donelli's lawyer also noted the presentence report's reference to her bipolar II diagnosis, arguing that Donelli's previously undiscovered mental health problems, coupled with her "reasonably serious narcotic addiction," offered "not an excuse but an explanation" for her behavior. The lawyer asked the district court to take the bipolar II diagnosis into account as one of Donelli's characteristics. Her lawyer also argued that because Donelli's offense level was adjusted both for the amount of money she took from the Viguses and the

vulnerability of her victims, "the guidelines encompass most of what needs to be taken into account."

The district court imposed a sentence of 60 months in prison, nine months above the high end of the guideline range. The court explained that the guidelines did not "capture the extent of the harm here." While recognizing that the guidelines accounted for the amount of loss and vulnerability of the victims, the judge explained that "what is not reflected in the guidelines is how long this went on and how many deceitful acts were perpetrated by you driven by your addiction." The judge also remarked that Donelli had been given opportunities to recognize the harm she was causing, but at every turn she had failed to stop her destructive behavior. The judge did not mention the bipolar diagnosis when explaining the sentence.

The judge closed the sentencing hearing by asking counsel whether they had any objection to the sentence or required "any further elaboration" of the judge's reasons. Donelli's lawyer objected to the above-guideline sentence and repeated the argument that the guidelines already accounted for the nature of the harm. Her lawyer offered no other objection to the sentence, the manner in which it was imposed, or the sufficiency of the court's explanation of its reasons.

IV. *Analysis*

On appeal, Donelli argues that the district judge failed to address a principal argument in mitigation. According to her appellate counsel, the unaddressed argument made by the lawyer in the district court was that Donelli had a serious mental health disability. Donelli asserts that the court's procedural error also resulted in a prison term that is substan-

tively unreasonable. Donelli does not otherwise challenge the above-guideline sentence as unreasonable.

We conclude first that the lawyer's assertion at sentencing that Donelli's bipolar II disorder was "not an excuse but an explanation" for her crimes was not a developed "principal argument" that the district court was required to address. Second, even if the court had a duty to respond, Donelli's failure to object to the omission when the court asked about the sufficiency of the explanation at the close of the sentencing hearing forecloses her argument on appeal.

## A. *The Cunningham Duty*

When pronouncing sentence, the district court generally must comment on what we have called a defendant's "principal arguments in mitigation." See, e.g., *United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013); *United States v. Schmitz*, 717 F.3d 536, 541 (7th Cir. 2013). Although sentencing is an exercise of the district court's discretion, a reviewing court must be able to satisfy itself that the district court actually exercised its discretion. *Cunningham*, 429 F.3d at 679.

*Cunningham* imposes a procedural requirement. It does not constrain the district court's discretion in deciding upon a reasonable sentence under the broad guidance of 18 U.S.C. § 3553(a). This procedural requirement is designed to ensure that the judge has in fact considered the principal issues affecting the sentencing decision. The requirement is based on the view that a "judge who fails to mention a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight." *Cunningham*, 429 F.3d at 679.

The district court did not fail to comply with its *Cunningham* duty. Donelli did not present her mental health diagnosis as part of an argument that triggered the court's duty to respond. Where the effect is not otherwise obvious, a defendant relying on a personal characteristic as a mitigating factor must offer a cogent argument as to why that characteristic should be deemed a mitigating rather than aggravating factor. This principle applies equally to mental illness. See *United States v. Cheek*, 740 F.3d 440, 455 (7th Cir. 2014) (age); *United States v. Annoreno*, 713 F.3d 352, 358 (7th Cir. 2013) ("mental characteristics" including bipolar disorder and depression); *United States v. Durham*, 645 F.3d 883, 898 (7th Cir. 2011) ("multiple cognitive and intellectual deficits"); *United States v. Portman*, 599 F.3d 633, 637–38 (7th Cir. 2010) (age); *United States v. Beier*, 490 F.3d 572, 573–74 (7th Cir. 2007) ("cluster of personal experiences and characteristics," including, depression, below-average IQ, and sexual abuse in childhood).

As we noted in *United States v. Garthus*, 652 F.3d 715, 717–18 (7th Cir. 2011), a sentencing judge might reasonably conclude that a defendant's mental illness is a reason to impose a longer sentence rather than a shorter one. For instance, if a defendant's mental illness caused her to commit a crime, a judge could reasonably conclude that the mental illness weighed in favor of a longer sentence to incapacitate the defendant and protect the public from future crimes. There are other ways to view mental illness when imposing sentence, but a defendant cannot simply disclose the existence of a mental illness and then on appeal criticize the sentencing court for not speculating about whether and why that illness merited a lighter sentence.

In effect, that is all Donelli did. She submitted no sentencing memorandum arguing for leniency on the basis of the bipolar II diagnosis. At the sentencing hearing, she presented the diagnosis as an "explanation" for her behavior but not an "excuse," and she asked the court to "take [it] into account." She did not present an argument about why this mental illness would be reason to give her a lighter sentence, which explains why Donelli now describes the "ignored" argument in mitigation as "Ms. Donelli has a serious mental health disability."

"The defendant has a mental illness" is an observation of fact, not an argument in mitigation. The few statements about bipolar II disorder made by Donelli's lawyer at sentencing did not amount to an argument in mitigation that the district court had a duty to discuss. See, e.g., *Cheek*, 740 F.3d at 455 ("we will not fault the district court for failing to mention explicitly Cheek's age at sentencing" when "he did not develop any argument for leniency from that fact"). There was no procedural error under *Cunningham*.

B.  *Waiver*

Even if the district court had made a *Cunningham* error, Donelli waived any such claim for appeal. After pronouncing sentence and stating her reasons, the district judge asked Donelli's lawyer and the prosecutor if they required "any further elaboration" of the reasons for the sentence. Both said no.

In *Garcia-Segura* we encouraged district courts to ask just that question. See 717 F.3d at 569. From a district judge's perspective, our cases following *Cunningham* have not provided "a bright line that lets district judges know when they

have provided enough of an explanation," and since 2005 we have decided nearly 200 cases presenting questions under the *Cunningham* duty to explain the reasons for rejecting principal arguments in mitigation. See *United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014).

The *Garcia-Segura* approach makes it possible to correct a genuine *Cunningham* procedural error on the spot, at the end of the sentencing hearing in the district court. That is preferable to correction after appellate review, a year or more of delay, and a new hearing after remand. We said in *Garcia-Segura* that if the judge invites objections and the defendant makes no request for a *Cunningham* explanation, the defendant could waive any argument that the sentencing judge failed to address sufficiently a principal argument in mitigation. 717 F.3d at 569. If defense counsel expresses satisfaction with the judge's explanation, we said, "a later challenge for failure to address a principal mitigation argument under the reasoning of *Cunningham* would be considered waived." *Id.*

That's what happened here: The district judge asked Donelli whether she had any disagreement with the sentence or required further elaboration of the court's reasons. Donelli did not point to any mitigating argument the judge had failed to address. She is therefore foreclosed from arguing on appeal that a principal argument remained unaddressed.

During oral argument we raised the possibility that Donelli's argument had been waived. Her lawyer suggested that her general objection to her above-guideline sentence was enough to preserve the procedural objection under *Cunningham*. We disagree. Donelli's objection was to the

substantive reasonableness of the sentence, not to the procedure the district court used, let alone the sufficiency of the explanation. Her objection was insufficient to preserve her contention on appeal that the court disregarded its *Cunningham* duty. Under the approach we set forth in *Garcia-Segura*, Donelli waived any argument that the district court failed to consider any principal argument in mitigation.

Donelli's sentence is AFFIRMED.