NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 19, 2014
Decided December 24, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2108

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CR-236-JPS |
| MITCHELL TIMM, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Mitchell Timm received a below-guidelines sentence for armed bank robbery and brandishing a firearm during that offense. Timm appeals, arguing that the district court did not consider his primary contention at sentencing that the criminal-history score was excessive because of his mental-health issues and age at the time he committed prior crimes. We conclude that Timm did not waive his complaint but that the court sufficiently considered his argument, and affirm the sentence.

In November 2012 Timm and his stepbrother robbed a bank in Wauwatosa, Wisconsin; both men were armed. They fled the bank in a stolen car, which they then set on fire. Timm was charged with armed bank robbery, *see* 18 U.S.C. § 2113(a),

brandishing a firearm in furtherance of that crime, *see id.* § 924(c)(1)(A)(ii), and possessing a stolen vehicle, *see id.* § 2315. He pleaded guilty to the first two charges, and the government agreed to dismiss the third.

A probation officer calculated a guidelines sentencing range of 84 to 105 months for the armed robbery, based on an offense level of 22 and criminal-history category VI. Timm faced a statutory-minimum consecutive sentence of 84 months under § 924(c)(1)(A)(ii) because he brandished his gun during the robbery.

In his report the probation officer detailed Timm's "disturbing childhood" and mental-health history. The PSR revealed that when Timm was 3-years-old, his stepmother physically abused him. That was followed by commitment in psychiatric facilities from ages 5 to 12. Before he turned 7, Timm had been diagnosed with bipolar disorder, schizophrenia, and ADHD; at age 10 he was diagnosed with depressive and anxiety disorders, and at age 11 he tried to commit suicide by jumping from the hospital roof. From ages 12 to 15 Timm lived with foster families, but was removed from one home when the father physically abused him. He returned to his mother's house, but there too was abused; twice he was sent to juvenile detention for altercations with his stepfather after witnessing his stepfather abuse his mother. At age 15 Timm returned to live with his father, who had a history of crime and drug abuse. Over the next few years Timm incurred a string of convictions and arrests, mostly for misdemeanors like shooting paintballs at cars or breaking windows, and as a result he was incarcerated in Wisconsin from the ages of 17 to 21. Timm took medications for his psychiatric disorders but stopped in 2012, when he was 22, because he felt they were too expensive.

Timm submitted a sentencing memorandum urging the court to sentence him to one day for the armed robbery and seven years (the statutory minimum) for brandishing a firearm. He argued that his high criminal-history score was overstated because he committed most of the relevant offenses five years earlier when he was 17, and because he had suffered from "a lifetime" of mental-health problems. Because of his youth at the time he committed the prior crimes, he said, the criminal-history score did not reflect accurately his likelihood of recidivating. He stated that his mental-health history was "of equal significance," but did not assert that his mental-health problems caused him to commit the earlier offenses or the armed robbery.

At sentencing Timm's lawyer repeated these arguments. He stressed that Timm committed the "juvenile type activity" during a 6 to 12 month "crime spree" when he was young and impulsive. (His lawyer omits that Timm's crime spree necessarily—but

perhaps not voluntarily--stopped at age 17 because he was incarcerated for the next four years.) Counsel argued briefly about Timm's mental health, categorizing him as a "troubled mental health patient" with "some pretty serious issues." Timm's father also addressed the court and explained that when Timm took medication, he was "fine" and asked the court to order Timm to participate in psychiatric treatment after his release.

The district court adopted the findings of the PSR and imposed a below-guidelines sentence. The judge explained that it had been a long time since he had seen a 23-year-old with such a high criminal-history score and even more arrests, which the judge described as a reflection of the unmitigated fact that Timm had "absolutely no respect" for the law. After considering the need to deter Timm from criminal behavior and to protect the public, the court suggested that Timm's "barebones conduct" actually warranted a sentence of "something like 15 years." The court concluded, however, that an "appropriate, fair, just and reasonable sentence . . . after considering all of the relevant conduct, [and] the relevant sentencing factors" was 84 months for brandishing a firearm and 30 months for the armed robbery—at least 54 months below the guidelines range. As a condition of supervised release, the court ordered Timm to participate in a mental health program, undergo psychiatric evaluations, and take all prescribed medications.

Timm appeals his sentence, arguing that the district court erred by not addressing his principal argument that his mental health and youth mitigated his prior criminal offenses. The government insists that Timm has waived his procedural objection because he did not ask the district judge for further explanation of the sentence, despite his opportunity to do so. It's true that a defendant waives a challenge to the district court's consideration of a mitigating argument if, when the court asks, he responds that he is satisfied that the court addressed his primary arguments. *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014). But Timm's response to the court's catchall question at the end of sentencing does not constitute a waiver. In *Garcia-Segura* we encouraged sentencing courts to ask defense counsel "after imposing [the] sentence but *before* advising the defendant of his right to appeal" if the lawyer was satisfied with the court's explanation of the sentence. *Id.* at 569 (emphasis added). But at Timm's sentencing the judge asked the lawyers only, "Are there any additional matters that we need address?" at the very end of the sentencing hearing after he had imposed the sentence and conditions of supervised release and explained Timm's appellate rights. We agree with Timm that a natural understanding of the judge's question could be that

he was inquiring about whether there were matters other than sentencing to address—"such as B.O.P placement or drug treatment." The judge's question does not seem to be asking whether any mitigation arguments have been overlooked or inadequately addressed. Timm's lawyer's response—he requested a specific prison placement—did not waive Timm's right to challenge his sentence.

Turning to the merits of this appeal, Timm contends that the district court didn't sufficiently respond to his arguments about the effects of his age and mental health on his criminal-history score. He now presents as two distinct arguments what was essentially a single argument in the district court—that Timm's criminal-history score was overstated. A sentencing court must evaluate the factors in 18 U.S.C. § 3553(a), and sufficiently explain a sentence to satisfy a reviewing court that it has considered the parties' arguments and exercised discretion. *See United States v. Davis*, 764 F.3d 690, 694 (7th Cir. 2014); *United States v. Spiller*, 732 F.3d 767, 769 (7th Cir. 2013). While the sentencing court must address a defendant's potentially meritorious principal mitigating arguments, less explanation is required when the sentence is within or below the guidelines range. *Davis*, 764 F.3d at 694; *United States v. Curby*, 595 F.3d 794, 796–97 (7th Cir. 2010). This court will affirm a sentence even where the district court considers the arguments implicitly and imprecisely. *See United States v. Carrillo-Esparza*, 590 F.3d 538, 540 (7th Cir. 2010) (finding no error where district court did not explicitly mention mitigating argument but implicitly considered and rejected it); *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010) (same); *United States v. Poetz*, 582 F.3d 835, 839 (7th Cir. 2009) (same).

The record demonstrates that the sentencing judge considered Timm's principal mitigating argument as it was presented at sentencing: His criminal-history score was overstated because of his youth and mental health at the time he committed prior crimes. The judge explicitly considered Timm's youth aggravating; he stated that he had not recently encountered a 23-year-old with 14 criminal-history points, and remarked that those points didn't "begin to address" all of Timm's other run-ins with the law. In light of his criminal history at that age, the judge concluded that Timm had no respect for the law and had to be deterred from further criminal activity.

The totality of the record also makes clear that the court considered Timm's mental-health issues as well. The court adopted the detailed findings in the PSR and listened to Timm's lawyer and father discuss his mental-health history, but concluded that Timm's lack of respect for the law was "unmitigated." The court dismissed as "extreme" his request for a sentence of seven years and one day, and expressly ordered

Timm to undergo mental-health treatment after his release. *See United States v. Paige*, 611 F.3d 397–398 (7th Cir. 2010) (finding no procedural error where judge ordered mental-health treatment after release, but didn't "directly state" how mental-health problems factored into sentence). Moreover, in light of the court's view that Timm's "barebones conduct" warranted a sentence close to 15 years, there can be no explanation for the actual 30-month sentence other than the court's consideration of Timm's mental health.

Timm compares his sentencing argument and the district court's explanation to that in *United States v. Cunningham*, 429 F.3d 673, 678–79 (7th Cir. 2005), where the district judge was silent about a non-frivolous mitigating argument and, unlike here, where there was no other indication that the district judge considered the defendant's potentially meritorious argument. But Timm overlooks another significant distinction. In *Cunningham* the lawyer submitted "extensive documentation" of Cunningham's psychiatric history to support the argument that his psychiatric problems made him more susceptible to commit the crime for which he was being sentenced, and therefore less culpable for that conduct. 429 F.3d at 678–79. In contrast Timm's lawyer submitted no such documentation, nor did he argue that Timm's mental-health issues had any effect on his culpability for the armed robbery. Instead he asserted only that his criminal past should be discounted.

Finally we note that by appealing Timm bore a risk of receiving a higher sentence if the case were remanded. Mental illness sometimes is considered an aggravating rather than mitigating factor. *See e.g.*, *Donelli*, 747 F.3d at 940. We don't know the specifics of Timm's medical treatment, but according to the PSR he committed the prior offenses while taking medication (although his father said he had no problems while medicated). He discontinued medication in 2012, the same year he committed the armed robbery. It's possible that with further consideration the district court might reasonably conclude that Timm's mental illness actually weighs in favor of a longer sentence in order to protect the public from the dangerous behaviors which result from his uncontrolled conduct. He received a bargain when the court imposed a sentence 54 months below the guidelines range.

The district judge sufficiently considered Timm's argument at sentencing. The court explicitly found Timm's age aggravating rather than mitigating, and it is apparent from the transcript of the sentencing, the below-guidelines sentence, and conditions of supervised release, that the judge considered Timm's mental health as well. Accordingly, we AFFIRM the sentence.