NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2015
Decided October 26, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2036

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> ALVARO LAZCANO-LEON, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 13 CR 775-1 <br><br> Ronald A. Guzmán, <br> *Judge*. |

**O R D E R**

Alvaro Lazcano-Leon pleaded guilty to being in the United States without permission after his removal, see 8 U.S.C. § 1326(a), and was sentenced within the guidelines range to 55 months in prison. He argues on appeal that the government delayed its § 1326(a) prosecution for 43 months until he had fully served a state sentence for drug trafficking. As a consequence, he says, he was denied an opportunity to persuade the district court to impose a sentence that would run at least in part concurrently with his state sentence. The remedy he seeks is a reduction in his federal sentence by the length of this delay in charging him. We disagree. The district court was not required to award any discount for Lazcano-Leon's state incarceration or any delay in the federal prosecution. The district court, as it acknowledged, could have given him a

discount as a matter of discretion but rejected this argument in mitigation. That choice was not an abuse of discretion. We affirm the sentence.

In 1994, after serving a federal sentence for possessing over 270 grams of heroin with intent to distribute, Lazcano-Leon was deported to his native Mexico. In 2000, he returned illegally to the United States. In 2010 he was sentenced to eight years in prison by an Illinois court after he pleaded guilty to delivering a kilogram of cocaine to an undercover police officer. He was paroled in 2013 after serving just 43 months. Before his release the Illinois Department of Corrections had notified Immigration and Customs Enforcement (which had lodged a civil detainer), and ICE agents took custody.

A month later Lazcano-Leon was indicted on the § 1326(a) charge. He pleaded guilty. A probation officer calculated a total offense level of 21 and criminal-history category of III, yielding a guideline imprisonment range of 46 to 57 months. The total offense level included a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Lazcano-Leon had been deported after his 1994 heroin-trafficking conviction.

At the sentencing hearing, the defense focused on what it called a "cruel" policy by the government to withhold a § 1326(a) charge until after the target had served his state sentence. The defense argued that Lazcano-Leon should get a discount for the 43 months he served on the state drug conviction because, as shown by the date of the ICE detainer, someone in the government had known about the defendant's unlawful presence in the United States that entire time. The defense argued that if the government had brought the § 1326(a) charge when the state drug charge was filed, Lazcano-Leon would have tried to resolve the federal charge first (so that a conviction in state court would not count toward his criminal-history score) and would have asked either the federal court or the state court to run his sentences concurrently. Counsel represented that Lazcano-Leon had reentered the United States to help his family.

The government asked for a within-guidelines sentence, arguing that Lazcano-Leon should not receive a break for his state incarceration because that term was punishment for a different crime.

The district court adopted the probation officer's proposed findings and imposed a 55-month term of imprisonment. In rejecting the argument that Lazcano-Leon should receive a discount for his state imprisonment, the judge did not see "a basis for giving him credit for any time that he has served in state court" because he was "selfish" in committing crimes that hurt others and "our communities." The judge reasoned that

Lazcano-Leon's drug crimes were significant and that a desire to be near and to help family could not excuse trafficking drugs after crossing the border illegally. Drug trafficking, the judge continued, is "a particular disease" that fuels crime and gang activity in neighborhoods where drugs are sold. The judge concluded that protecting the public from recidivist drug offenders like Lazcano-Leon was the most significant sentencing factor.

On appeal Lazcano-Leon first argues that the sentencing court committed a procedural error by not explaining why it rejected his argument for a discount, yet elsewhere in his brief he concedes that the sentencing court in fact addressed his argument. That concession is sound since the court's reasoning was clear. So Lazcano-Leon's appeal really rests on his further contention that the sentence imposed is substantively unreasonable. He contends that the district court was *required* to give a discount for the 43 months he served on his state drug conviction because the government intentionally delayed bringing a § 1326(a) charge.

The substantive reasonableness of a sentence is reviewed for abuse of discretion in light of the factors in 18 U.S.C. § 3553(a). See *United States v. Castro-Alvarado*, 755 F.3d 472, 477 (7th Cir. 2014). As part of the sentencing judge's duty to weigh a defendant's arguments in mitigation, the sentencing judge has the discretion to consider a delay in charging a defendant under § 1326(a) as one factor in deciding the appropriate sentence. See *United States v. Estrada-Mederos*, 784 F.3d 1086, 1091 (7th Cir. 2015); *United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013).

Lazcano-Leon's argument misunderstands the nature of discretion. A sentencing court is not required to accept an argument in mitigation, and here the judge concluded that other § 3553(a) factors outweighed defendant's contention about the timing of the § 1326(a) indictment. See *United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006) (district court must consider arguments under § 3553(a) for sentence below guideline range but is not compelled to accept them). The judge emphasized the need to protect the public from Lazcano-Leon as a recidivist drug offender, his two prior drug convictions, and his commission of new crimes after returning to the United States unlawfully. See 18 U.S.C. § 3553(a)(1) & (2)(C); see also *United States v. Horton*, 770 F.3d 582, 586 (7th Cir. 2014) (explaining that sentencing court had discretion to give one § 3553(a) factor less weight than others); *Garcia-Segura*, 717 F.3d at 568 (same).

Lazcano-Leon implies that the government's timing was in bad faith, but he presented no evidence of bad faith. Calling the government's decision to wait

"egregious" and "unreasonable," as he does, ignores that the choice when to charge a defendant is a matter of prosecutorial discretion. See *United States v. Segal*, 495 F.3d 826, 833 (7th Cir. 2007); *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006). Lazcano-Leon points to nothing in the record suggesting that the government relied on an impermissible factor such as race or religion in choosing to charge him only after he had served his state sentence. See *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Moore*, 543 F.3d 891, 899–900 (7th Cir. 2008). Lazcano-Leon committed unrelated crimes in different jurisdictions (state and federal), and he cites no authority for the argument that the federal government was required to bring the § 1326(a) charge sooner. See *Garcia-Segura*, 717 F.3d at 569 ("[Defendant's] state sentence was for drug and firearm possessions, convictions in no way related to his federal offense of unauthorized presence in the United States after removal.").

Lazcano-Leon asserts that the sentencing judge's decision was unreasonable because the judge found that the delay was "intentional" and "that there is a policy of delaying charges," which had deprived him of serving his sentences concurrently. The judge acknowledged that Lazcano-Leon lost the opportunity to seek concurrent sentences because of the delay but not that he was entitled to concurrent sentences. There is no reason to assume that federal prosecutors would have interfered with Lazcano-Leon's state drug prosecution by taking him out of state custody to proceed first with the federal charge even if he had been charged immediately with violating § 1326(a). And there is no support for Lazcano-Leon's assumption that the state court would have run his sentence concurrently.

Lazcano-Leon disagrees with the judge's weighing of the § 3553(a) factors, but the record shows that the judge addressed and rejected his argument that he should receive a discount for the government's delay in charging him. The judge provided a sufficient explanation that other factors warranted a within-guidelines sentence. Because Lazcano-Leon has shown no abuse of discretion, we AFFIRM his sentence.