In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1580

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ORLANDO ROSALES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin
No. 3:14-cr-00114-bbc-1 — **Barbara B. Crabb**, *Judge.*

ARGUED NOVEMBER 10, 2015 — DECIDED FEBRUARY 11, 2016

Before POSNER, EASTERBROOK, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Orlando Rosales pleaded guilty to a charge that he conspired to possess, with intent to distribute, 500 grams or more of cocaine, and was sentenced to a term of 120 months in prison. He appeals the sentence, contending that the district court committed procedural error by not giving adequate reasons for rejecting his contention that he should not be sentenced as a career offender. We affirm.

## I.

Rosales played a managerial role in a small cocaine trafficking ring in Sauk County, Wisconsin. With the assistance of three other individuals, Rosales obtained cocaine from two different suppliers, one in Chicago and one in Madison, Wisconsin, and then distributed it to his customers in Wisconsin. Rosales's drug trafficking was exposed when individuals cooperating with the government identified his Chicago connection as a cocaine supplier and named Rosales as one of the supplier's customers. The Chicago supplier was arrested after a confidential informant arranged a controlled purchase of cocaine from him; he in turn confirmed that he had supplied cocaine to Rosales on multiple occasions. Rosales was ultimately charged in a one-count information with conspiracy with the intent to distribute in excess of 500 grams of cocaine from August 2011 to November 2013. He pleaded guilty to that charge pursuant to a written plea agreement in which he agreed to waive indictment and cooperate with the government (Rosales aided the government in the prosecution of the supplier who fingered him) and in which the government agreed to recommend that he be given maximum credit for acceptance of responsibility and that his sentence be reduced in recognition of his substantial assistance to the government.

Pursuant to the Sentencing Guidelines, Rosales faced an advisory sentence of between 188 and 235 months. The range would have been lower—140 to 175 months—absent a three-level increase in his offense level resulting from the career

offender guideline. U.S.S.G. § 4B1.1.[1] Generally, the career offender guideline applies when the defendant (1) was at least 18 years old when he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions that qualify either as a crime of violence or a controlled substance offense. § 4B1.1(a). A controlled substance offense is defined to include a felony offense that, as relevant here, involves the possession of a controlled substance with the intent to distribute. § 4B1.2(b). The crime to which Rosales pleaded guilty in this case of course qualifies as a controlled substance offense, and Rosales had three such prior convictions. In 2004 and 2008, he had been convicted of possessing, with the intent to distribute, less than 200 grams and more than 2,500 grams of marijuana, respectively; and in 2011, he had been convicted of possessing, with the intent to distribute, between one and five grams of cocaine. The presentence report reminded the district judge that she had the discretion to disagree with the policy reflected in the career offender guideline when she sentenced Rosales. R. 14 at 29 ¶ 149; R. 15 at 29 ¶ 151.

In a written memorandum filed prior to sentencing, and again in his oral remarks at the sentencing hearing, Rosales's counsel asked the court, on two separate but related grounds, to disregard the sentencing increase called for by the career

---

[1] Application of the career offender guideline also dictated that Rosales be assigned to the top criminal history category of VI, but the extent of his criminal history would have placed him in category VI regardless of the career offender designation.

offender guideline. The first of these was a policy-based challenge to the career offender guideline itself, positing that the guideline was adopted without empirical research and careful study, and represented unsound policy to the extent it applied not only to large-scale drug traffickers but also to relatively low-level offenders who, like Rosales, trafficked in drugs primarily to support their own drug habits and did not reap large amounts of money from their drug-dealing. The second was an as-applied challenge, which argued that the career offender designation was inappropriate in Rosales's case, given that his predicate drug-trafficking convictions involved relatively modest amounts of marijuana and cocaine; that he had no history of violence; that his drug dealings were driven by a need to support himself, his family, and his own drug, alcohol, and gambling habits; that his supplier received only a 48-month sentence; and generally that a lengthier sentence was inconsistent with the sentencing factors identified in 18 U.S.C. § 3553(a). Counsel proposed that Rosales be sentenced to a term of six years.

The district court, after hearing the parties at sentencing, adopted the pre-sentence report, applied the career offender guideline in determining Rosales's advisory sentencing range, granted the government's motion for a multi-level downward variance from the Guidelines range based on his substantial assistance, and ordered Rosales to serve a sentence of 120 months in prison, to be followed by a four-year period of supervised release. After announcing the sentence, the district judge asked defense counsel whether he "ha[d] any specific objections to the sentence or to the conditions [of supervised release] that you haven't already mentioned." R. 36 at 27.

MR. MANDELL:  I don't[,] other than I don't know why the court applied the career offender guideline other than the prior convictions under the information I provided, but –

THE COURT:  That's a good question. I applied the career offender guideline[ ] because Mr. Rosales's criminal conduct justified the application.

MR. MANDELL:  Even though the prior convictions were for relatively minor offenses?

THE COURT:  Right.

MR. MANDELL:  Okay.

R. 36 at 27-28.

## II.

Rosales contends that the district court erred procedurally at his sentencing by not adequately articulating its reasons for rejecting his argument that the career offender guideline should not be applied in his case given the relatively minor nature of his predicate convictions.

A district court is required at sentencing to address the defendant's principal arguments in mitigation unless those arguments are without factual foundation or are too weak to require discussion. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). This obligation functions as a safeguard ensuring that the district judge has not overlooked and has

actually considered the principal issues informing her sentencing decision. *United States v. Donelli*, 747 F.3d 936, 940 (7th Cir. 2014). "The requirement is based on the view that a 'judge who fails to mention a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight.'" *Id.* (quoting *Cunningham*, 429 F.3d at 679).

Frequently, a defendant's principal argument in mitigation takes the form of a challenge to the Guidelines themselves. After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), a sentencing judge has the discretion to disagree either with a particular provision of the Sentencing Guidelines, *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007), or the sentencing range that results from application of the Guidelines as a whole, *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465 (2007), and to impose a non-Guidelines sentence that, in her judgment, is more consistent with the statutory sentencing factors set out in 18 U.S.C. § 3553(a). *See United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc). The judge's authority to disagree with the Guidelines extends to the career offender guideline at issue here. *See id.* The court is not obliged to address all such arguments questioning the reasonableness of Guidelines provisions. The court may pass over in silence a blanket policy challenge like Rosales's argument that the career offender guideline was poorly conceived and is overbroad. *See United States v. Estrada-Mederos*, 784 F.3d 1086, 1088 (7th Cir. 2015) (collecting cases). But an as-applied challenge to a guideline, provided it is grounded in the facts of the case, not frivolous, and adequately presented to the court, is one that must be addressed. *See United States v. Schmitz*, 717 F.3d 536, 542 (7th Cir. 2013)

(distinguishing between categorical and as-applied challenges to guideline); *see also*, *e.g.*, *United States v. Morris*, 775 F.3d 882, 887 (7th Cir. 2015) (vacating sentence and remanding where district court failed to address defendant's argument that crack-to-powder cocaine ratio resulted in excessive sentencing range given that most of drug quantity attributed to him comprised counterfeit crack cocaine).

Arguments that a sentencing court committed procedural error of the *Cunningham* variety, by failing to address a defendant's principal argument in mitigation, including challenges to the Guidelines, have become a staple in this court. *See Donelli*, 747 F.3d at 941 (citing *United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014)). And yet it is a relatively simple matter for a district judge to obviate such an appellate argument by ensuring, before the close of the sentencing hearing, that she has addressed each of the defendant's principal arguments in mitigation. To that end, we suggested in *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013), that the judge ask defense counsel whether he or she is satisfied that the court has adequately addressed the main arguments in mitigation. If counsel replies in the affirmative, a contention on appeal that the district court failed to address a principal argument in mitigation would be deemed waived. *Id.* If counsel replies in the negative, then that would give the court the opportunity to make clear either why it did not view the argument as warranting discussion or why it had rejected the argument on its merits. *Id.*

In this case, the district judge did not pose quite the inquiry we suggested in *Garcia-Segura* when she asked if there were

"any specific objections" to the sentence that defense counsel hadn't mentioned, *see Morris*, 775 F.3d at 886; but nonetheless defense counsel took the opportunity to inquire why the judge had sentenced Rosales as a career offender. The judge in turn remarked that she applied the career offender guideline because she thought that Rosales's criminal conduct justified it, notwithstanding (at defense counsel's prompting) that his predicate crimes were, in counsel's view, relatively minor.

In view of this exchange, there can be no question that the district court considered and rejected Rosales's principal argument in mitigation. The court plainly understood that it had the discretion not to sentence Rosales as a career offender, discretion that was highlighted both in Rosales's sentencing memorandum and the probation officer's presentence report. And the district judge quite clearly indicated that she believed it appropriate to adhere to the career offender guideline in sentencing Rosales. The only issue is the adequacy of the judge's explanation. Defense counsel perhaps could have pressed the judge to say more than she did, but having already prompted the court for an explanation, we do not fault him for letting the matter rest once the court indicated that it had rejected the argument on its merits.

A court's obligation to address a defendant's principal argument in mitigation does include giving reasons for why it has rejected that argument. *See Garcia-Segura*, 717 F.3d at 569 (citing *Cunningham*, 429 F.3d at 679); *see also, e.g., United States v. Thomas*, 794 F.3d 705, 713 (7th Cir.) (citing *Morris*, 775 F.3d at 886-88), *cert. denied*, 136 S. Ct. 558 (2015). In this case, the court's explanation that it hewed to the career offender guideline because Rosales's conduct justified it arguably

amounted to *ipse dixit*, in that the court did not articulate *why* it viewed his conduct as supporting application of the guideline. *Cf. United States v. Jones*, 798 F.3d 613, 618 (7th Cir. 2015) (although record made clear district court considered defendant's mitigation arguments but rejected them, court did not directly explain why it found them unpersuasive). But for two reasons we are satisfied that any *Cunningham* error was harmless. *See Morris*, 775 F.3d at 885 (procedural error at sentencing is subject to harmless-error review).

First, Rosales's as-applied challenge to the career offender guideline overlapped substantially with his policy argument and would apply equally to many offenders. As his sentencing memorandum itself posited, because the career offender guideline comes into play whenever a defendant has two prior convictions for a drug trafficking offense, regardless of the drug quantity involved, the guideline will apply to countless low-level offenders who are poor, addicted to narcotics, and resort to trafficking to support themselves and their families, not to mention their addictions. So vis-à-vis the purported overbreadth of the guideline, Rosales's case did not present a particularly unique or compelling set of circumstances that required discussion. To be sure, the court was obliged to consider Rosales's personal characteristics and history in arriving at an appropriate sentence, irrespective of how much he may have had in common with other low-level, repeat distributors of narcotics who qualify as career offenders. *See* § 3553(a)(1). But the court plainly complied with that obligation here: it addressed Rosales's individual circumstances, including his drug and alcohol addictions, at some length in arriving at the sentence. R. 36 at 17-18, 21-22.

Second, the record otherwise makes plain to us why the district judge was not convinced the career offender guideline was out of place here. *See Rita*, 551 U.S. at 358-59, 127 S. Ct. at 2469 (short explanation of court's sentencing rationale sufficient where record makes plain reason for its conclusion); *Jones*, 798 F.3d at 618 ("So long as the record gives us confidence that the court meaningfully considered the defendant's mitigation arguments, 'even if implicitly and imprecisely,' that is enough.") (quoting *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010)). Rosales had not the requisite two but rather three prior convictions for drug trafficking, and the case for those predicates being minor (or, for that matter, remote from his present conviction, as he has also argued) was never as convincing as his counsel made it out to be. One of those three convictions involved a 7.3-pound quantity of marijuana, which is by no means a small quantity, let alone a personal-use quantity, as Rosales has said was typical of his prior convictions. More to the point, Rosales's criminal history reflects a pattern of drug sales that began with marijuana, transitioned to cocaine (a more serious narcotic), and culminated in a multi-participant trafficking operation that dealt in what the district judge characterized as substantial quantities of the latter drug. (She found that Rosales was responsible for 2.87 kilograms of cocaine, conservatively.) Apart from the predicate convictions triggering the career offender enhancement, Rosales's criminal history included multiple arrests and convictions for the possession of narcotics and drug paraphernalia. Furthermore, as the district judge pointed out, his history revealed no evidence of legitimate income in the years immediately preceding the instant offense. So one could reasonably infer,

and it is obvious to us that Judge Crabb did, that Rosales was engaged in drug dealing in those years and that the transactions that gave rise to this prosecution were part of a years-long, continuous, and escalating pattern of drug dealing. In short, it does not appear that Rosales was unfairly ensnared by the career offender guideline.

Beyond this, Rosales's attack on the career offender guideline was really a challenge to the wisdom of the guideline itself, which, as we have said, was the sort of challenge the district court was not required to address.

### III.

For all of the foregoing reasons, we AFFIRM Rosales's sentence.