NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2020
Decided January 21, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-3250

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-CR-00855(1) |
| EZEQUIEL SANCHEZ-JIMENEZ,<br>*Defendant-Appellant*. | John J. Tharp, Jr.,<br>*Judge*. |

**O R D E R**

Ezequiel Sanchez-Jimenez pleaded guilty to illegal reentry by a removed alien, 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4), and received an above-guidelines prison sentence. On appeal, he argues that his sentence was substantively unreasonable because the district court did not tailor it to the facts of the case. But the district court considered the factors under 18 U.S.C. § 3553(a) and adequately explained why a sentence above the guidelines was necessary, so we affirm.

Sanchez-Jimenez has illegally entered the United States approximately 19 times since 1996. For 13 of these entries, he avoided prosecution by voluntarily returning to Mexico. But in five other instances, the government had him removed after a criminal

conviction. Three of those convictions, including those after his two most recent reentries, were for illegal reentry in violation of 8 U.S.C. § 1326(a). His prison sentence for illegal reentry has increased with each conviction: 100 days for his first in 1997, 12 months for his second in 2014, and 23 months for his third in 2015 (15-month initial sentence plus 8-month sentence for violation of 2014 supervised release that ran consecutively).

In January 2018, approximately five months after his last removal, Sanchez-Jimenez entered the United States without inspection. He was subsequently apprehended in November 2018 by immigration officials, who were alerted to his presence at a state courthouse where he had appeared for a proceeding on a traffic offense. He eventually pleaded guilty to illegal reentry.

The probation office calculated a guidelines range of 15 to 21 months based on an offense level of 10 and a criminal history category of IV. 8 U.S.C. § 1326(b)(1). The key determinant in the calculation of Sanchez-Jimenez's offense level was a 4-level upward adjustment for having at least one prior illegal-reentry conviction. U.S.S.G. § 2L1.2(b)(1)(A). Neither party objected to the probation office's calculations.

At sentencing, the parties debated the appropriate length of Sanchez-Jimenez's prison term. The government sought an above-guidelines sentence based on his history of recidivism and the need for deterrence, while Sanchez-Jimenez argued for a sentence of time served (about 10 months) based on his personal circumstances—his fear of violence in Mexico (where he had been kidnapped by cartel members and tortured) and the presence here of his U.S.-citizen children, one of whom was diagnosed with leukemia.

The district court settled upon a 30-month sentence, which it justified as necessary under the factors set forth in 18 U.S.C. § 3553(a). The court acknowledged the non-violent nature of illegal reentry, but it also emphasized the crime's seriousness and the need for the sentence to promote respect for the law and deter Sanchez-Jimenez from returning repeatedly. The court declined to impose a longer sentence though, because his motives—fear for his safety in Mexico and concern for his family in Chicago—demonstrated no malice.

On appeal, Sanchez-Jimenez first argues that the district court did not adequately explain its above-guidelines sentence with reference to the § 3553(a) factors. In his view, the court overstated the seriousness of the offense and the need to promote respect for

the law, and ignored facts—which he did not specify—that were "tailored" to the "particulars" of his case.

This argument misapprehends the responsibilities of sentencing courts generally, and the district court's analysis in particular. District courts are required to consider relevant factors under 18 U.S.C. § 3553(a), including the seriousness of the offense and the need to promote the rule of law. *United States v. Collins*, 640 F.3d 265, 271 (7th Cir. 2011). The court here reasonably highlighted the seriousness of the offense (in that illegal reentries undermine the country's sovereignty and waste public resources used to combat it); Sanchez-Jimenez's own characteristics (his concern for his safety in Mexico and for his family in Chicago); as well as the need for the sentence to promote respect for the law (abuse of the immigration system fuels over-generalizations about all immigrants); to afford adequate deterrence (the sentence must overcome safety and familial concerns driving Sanchez-Jimenez to return); and the need to provide just punishment (the crime's lack of moral blameworthiness and malice weighs against a lengthy sentence).

Relatedly, Sanchez-Jimenez challenges the court's decision to increase his sentence further based on his history of reentry, given that he already had received a 4-level upward adjustment for having at least one prior illegal-reentry conviction. U.S.S.G. § 2L1.2(b)(1)(A). But the rationale of that guideline provision is that recidivism warrants a harsher sentence because it is more deserving of punishment and the prior sentence was not adequate deterrence. *See Parke v. Raley*, 506 U.S. 20, 27 (1992) (noting that governments punish recidivists more harshly to serve the interest of deterring and segregating habitual criminals); U.S.S.G. Supp. to app. C, amend. 802 at 147 (2018) ("The Commission determined that a defendant's demonstrated history of [illegal reentry] is appropriately accounted for in a separate enhancement."). Though the Sentencing Commission decided that a four-level adjustment would serve the purpose of deterrence, the district court here had evidence that this was not the case for Sanchez-Jimenez, whose prior 23-month sentence failed to deter him from reentering the United States. *See United States v. Vasquez-Abarca*, 946 F.3d 990, 995 (7th Cir. 2020) (affirming 72-month sentence for illegal reentry when guidelines called for 30 to 37 months and previous 57-month sentence failed to deter defendant).

In any event, district courts are entitled to reject a particular guideline provision based on a policy disagreement with that provision. *See Spears v. United States*, 555 U.S. 261, 264 (2009); *United States v. Rosales*, 813 F.3d 634, 637 (7th Cir. 2016). Whatever the district court's views with regard to the Sentencing Commission's policy judgment

underlying 2L1.2(b), on appeal our proper role is only to determine whether the court abused its discretion in imposing a substantively unreasonable sentence. There was no abuse of discretion here.

The judgment of the district court is AFFIRMED.