NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021
Decided August 23, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2755

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 19-CR-30151-SMY |
| DEMTRIUS D. MOORE, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Demtrius Moore pleaded guilty to making a false statement to a federal agent, 18 U.S.C. § 1001, and impersonating a federal officer, *id.* § 912. The district court sentenced Moore to 36 months' imprisonment and three years' supervised release. Moore appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Since Moore did not respond to counsel's motion, *see* CIR. R. 51(b), and counsel's brief addresses the issues that an appeal of this kind would be expected to involve, we limit our review to those issues. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Having confirmed that Moore does not wish to withdraw his plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), counsel proceeds to address the potential challenges Moore could make to the calculation of his sentence. He rightly rejects any challenge as frivolous. The district court correctly calculated a sentencing range of 33 to 41 months for count 1 (based on an offense level of 13 and criminal-history category of VI) and 33 to 36 months for count 2 (based on the same offense level and criminal-history category but capped at 36 months by the statutory maximum. S*ee* 18 U.S.C. § 912). When there are multiple offenses, the court bases its calculation of the defendant's guidelines range on the offense that has the highest offense level. The judge correctly determined that to be the impersonation offense. She determined Moore's base offense level to be 14 because he impersonated a federal officer in order to obstruct justice, *see* U.S.S.G. §§ 2J1.2, 2J1.4(c)(1), added two levels under the multiple-count adjustment, *see* U.S.S.G. § 3D1.4(a), and then subtracted three levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

Counsel next considers whether the district court otherwise erred at sentencing. But Moore's 36-month sentence is within the guidelines range, so we would presume it to be reasonable, *United States v. Taylor*, 907 F.3d 1046, 1051 (7th Cir. 2018), and like counsel, we see no basis in the record that might rebut that presumption. The judge appropriately weighed the 18 U.S.C. § 3553(a) factors, highlighting the nature and circumstances of the offense ("this takes planning and sophistication [and] cannot be attributed to the things you experienced in your life"), the need to provide just punishment ("after you were contacted about these actions and called on it, and after lying about it and then finally fessing up to it, you didn't stop; you continued"), and a lengthy criminal history ("very extensive" and "runs the gamut with some very serious prior crimes"). She thoroughly addressed Moore's mitigating arguments concerning acceptance of responsibility and history of abuse, but reasonably concluded that his past did not explain or justify his crimes. Furthermore, when the court invited defense counsel to request further elaboration on the sentencing factors, defendant's counsel told the judge that no further explanation was needed, so any argument that she did not adequately explain her sentence would be frivolous. *See United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013).

We GRANT counsel's motion to withdraw and DISMISS the appeal.