NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2014
Decided July 16, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3901

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 258 |
| WILLIAM TAPES, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

William Tapes pleaded guilty to assaulting a federal officer with a deadly or dangerous weapon and was sentenced to 84 months' imprisonment, a term at the bottom of his calculated guidelines range. He appeals, arguing that his sentence is unreasonable because the district court selected it without taking his deteriorating eyesight properly into account. Our review of the record, however, satisfies us that there was no error, and so we affirm.

**I**

In March 2013, FBI agents saw Tapes remove two hubcaps from an SUV in a grocery store parking lot on Chicago's west side. As they watched, he climbed into the driver's seat of a nearby sedan, where two of his friends were waiting. The agents approached the car, announcing that they were "police" and "FBI." One of the agents told Tapes to turn off the engine and get out. Tapes disregarded the instructions and instead backed the car out of the parking spot. The agents shouted at Tapes to stop, repeating that they were FBI agents. A third agent who was in an FBI-issued car pulled up to block Tapes's path, flashed the emergency lights, and then jumped out of the car, yelling "FBI." One of the other agents slapped the hood of Tapes's car, pulling aside his coat to display his FBI badge. Tapes hit the gas pedal, launching the sedan forward; he clipped the FBI car's bumper and almost hit two of the agents as he peeled out of the parking lot with the agents in pursuit. Soon after, he crashed into a moving car, injuring the passengers, and escaped on foot. He surrendered to the FBI three days later.

Tapes pleaded guilty without a plea agreement to assaulting a federal officer with a deadly or dangerous weapon. See 18 U.S.C. § 111(a), (b). A probation officer calculated a guidelines imprisonment range of 84 to 105 months, based on a total offense level of 25 and a criminal history category of IV, which resulted largely from past convictions for car thefts. Tapes does not contest those calculations on appeal.

At sentencing, the parties debated whether Tapes should receive a sentence within or below the guidelines range. The government argued that a within-guidelines sentence was appropriate given the seriousness of the offense, Tapes's extensive criminal history, and the treatment that Tapes could receive for his lifelong drug addiction. The government also maintained that such a sentence would provide both specific and general deterrence and promote respect for the law.

Tapes's counsel pressed for a below-guidelines sentence based on Tapes's acceptance of responsibility, adding that his deteriorating vision was a "significant matter in mitigation." Counsel explained that Tapes was blind in one eye and losing vision in the other eye, that he had glaucoma, and that he had received cataract surgery before his arrest and two eye surgeries while in the Metropolitan Correctional Center. Counsel also mentioned that Tapes was 52 years old, that "his body [was] breaking down technically," and that Tapes would benefit from a recommendation of treatment for his life-long drug abuse. Tapes made a brief statement, expressing his remorse and asking the court "to show him mercy."

The judge adopted the PSR's recommended guidelines calculations and sentenced Tapes to 84 months, the bottom of that range, citing Tapes's extensive criminal history and the fact that he had committed a "very serious offense involving violence and the likelihood of someone getting killed." The judge stated that he had considered the parties' statements and submissions, reviewed the PSR, and taken into account Tapes's "age and his physical ailments and his physical condition," as well as "the fact that he surrendered himself." The judge explained that Tapes's criminal-history category understated the extent of his past crimes because many of the convictions were too old to be counted and noted that the 11 years that Tapes had spent in prison on other charges did not "stop[] him from continuing to steal … automobiles." Finally, the judge commented that Tapes's conduct reflected a "complete lack of respect for the law."

## II

On appeal, Tapes argues that his sentence is "unreasonable and excessive" because the court "did not adequately consider the factors" in 18 U.S.C. § 3553(a). His principal contention is that the court "dismissed [his] medical condition without any mention in its ruling" and focused only on "aggravating factors" in determining his sentence. He reiterates that he has glaucoma and that he is blind in one eye and will soon lose all sight in his other eye. He maintains that "[i]mposing a seven-year sentence for an offense that discounted the severe and serious nature of [his] debilitating health condition was not reasonable and unduly harsh."

To the extent Tapes is arguing that his sentence was procedurally unreasonable because the district court did not consider his deteriorating eye condition—a challenge that this court reviews *de novo*, *United States v. Dachman*, 743 F.3d 254, 261 (7th Cir. 2014)—he cannot succeed. The district court was not required to comment at length on Tapes's deteriorating eye condition because he failed to "offer a cogent argument as to why that characteristic should be deemed a mitigating rather than aggravating factor." *United States v. Donelli*, 747 F.3d 936, 940 (7th Cir. 2014); see *United States v. Cheek*, 740 F.3d 440, 455 (7th Cir. 2014) (explaining that district court could not be faulted for failing to mention the defendant's age during sentencing when counsel "did not develop any argument for leniency from that fact"). Tapes's poor eyesight easily could be seen as an *aggravating* factor: even though he is nearly blind, he led the FBI agents on a high-speed car chase that ended only when he crashed into a moving car. And in any event, the record shows that the judge did take Tapes's health into account. As we noted, the judge said that he was "aware of and [took] into consideration [Tapes's] age and his physical ailments and his physical condition," but that any mitigating factors were outweighed by the seriousness of the offense and Tapes's extensive criminal

history. Tapes's real objection is to the weight that the district court gave to his deteriorating vision, but "[s]imply because the district court disagree[s] with the weight [a defendant] believes his mitigation argument is worth does not prove that the district court failed to consider it." *Dachman*, 743 F.3d at 262; see *United States v. Smith*, 721 F.3d 904, 908 (7th Cir. 2013).

To the extent that Tapes is arguing that his sentence is substantively unreasonable because of his poor health, his argument also fails. We review the substantive reasonableness of the sentence selected by the district court only for an abuse of discretion, and Tapes's within-guideline sentence is presumed reasonable. See *Dachman*, 743 F.3d at 263. Tapes assumes that his deteriorating eyesight unquestionably warrants leniency, but that is not so. See *id.* ("[T]he sick 'do not have a license to commit crime.'"); *United States v. Moreland*, 703 F.3d 976, 991 (7th Cir. 2012). Tapes would have a stronger argument if he had shown some link between his eyesight and either the appropriate length of his sentence or some special hardship, such as an inability to receive adequate medical care while in prison. See 18 U.S.C. § 3553(a)(2)(D); *Dachman*, 743 F.3d at 261. But his lawyer represented that Tapes had undergone two surgical procedures on his eyes while in the Metropolitan Correctional Center and stated in his sentencing memo that Tapes was "currently on medication for [his] condition and has been treated while confined in the MCC." These statements support the conclusion that adequate care is available to Tapes in federal prison. See *Moreland*, 703 F.3d at 991.

Finally, Tapes suggests in his brief (though he does not develop the argument) that the judge erred by not discussing Tapes's difficult childhood and his life-long drug addiction. But the judge properly could forego such a discussion because these facts were not contested. Furthermore, Tapes's lawyer never explained how the circumstances of his client's childhood and his drug addiction made him less culpable for his assault conviction. See *United States v. Brock*, 433 F.3d 931, 936 (7th Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 687–88 (7th Cir. 2005).

We AFFIRM the sentence imposed by the district court.