NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2014
Decided July 17, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1218

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:13-cr-30092-DRH-1 |
| CORNELIUS BURNS, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Cornelious Burns[1] pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), after he sold crack on three occasions to an informant. After hearing

---

[1] Burns's first name is spelled as "Cornelius" in the indictment, but, according to the probation officer, the correct spelling is "Cornelious."

evidence about Burns's prior criminal activity, including his convictions for murder and attempted murder, the district court imposed an above-guidelines sentence of 96 months' imprisonment. Burns's appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Burns has not accepted our invitation to respond to counsel's motion, *see* CIR. R. 51(b), although he has moved for the appointment of a new lawyer. Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Burns does not wish to challenge his guilty plea, so counsel properly forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Burns could argue that the district court failed to address adequately his arguments in mitigation. Counsel correctly points out that any possible argument along these lines has been waived. Before the end of the sentencing hearing, the judge asked Burns's lawyer if the defendant's arguments in mitigation had been adequately discussed, and the attorney replied, "You did, Your Honor." Having passed up the chance to ask the district court to further explain its reasons for rejecting his arguments in mitigation, Burns cannot now argue that the court's explanation was inadequate. *See United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013). And, in any event, the court responded at length to Burns's main arguments for a lower sentence—including that he grew up without a father figure and has not committed violent crimes since his release from prison in 2004—and explained why it did not find these arguments persuasive.

Counsel also considers arguing that Burns's 96-month prison sentence is substantively unreasonable. At sentencing the government presented testimony from two investigators who recounted details of the murder and attempted murder committed by Burns, as well as his gang involvement while in prison. The government argued that an above-guidelines sentence of 100 months was appropriate for Burns because his Category III criminal history understates his past offenses. The investigators' testimony (along with the presentence report) revealed that Burns shot the owner of a candy store three times during a 1977 robbery and threatened to kill a

14-year-old witness. The store owner survived, and Burns was convicted of attempted murder. But his prison sentence expired more than 15 years ago, so this conviction did not incur any criminal history points. *See* U.S.S.G. § 4A1.2(e)(1), (3). Then in 1982—nine months after he was paroled for the attempted murder—Burns shot and killed a man while robbing him of a pound of marijuana (criminal history points *were* assessed for this crime). While in prison for the murder, Burns was a leader of a prison gang and ordered an assault on prison staff. In response, Burns's attorney argued that the district court should not place great weight on conduct from decades earlier. The court considered these arguments and agreed with the government that "it's prudent for the Court to look at all the Defendant's conduct," including the attempted murder and Burns's leadership of a prison gang. *See* U.S.S.G. § 4A1.3(a)(1). The court discussed at length the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), reasoning that Burns's lengthy history of very serious crimes, the likelihood that he will commit more crimes, the need for deterrence, and the need to protect the public justified an above-guidelines sentence of 96 months. Because the district court adequately explained why it was imposing a sentence above the guidelines range of 57 to 71 months, an argument that the court abused its discretion in imposing the sentence would be frivolous. *See United States v. Taylor*, 701 F.3d 1166, 1174–75 (7th Cir. 2012); *United States v. McIntyre*, 531 F.3d 481, 483–84 (7th Cir. 2008).

Finally, counsel informs us that he considered whether to raise a challenge to the district court's application of the sentencing guidelines, but he has not identified a possible basis for challenging the court's calculation of the guidelines range.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. We DENY Burns's motion for appointment of substitute counsel.