NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016
Decided March 28, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2370

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 1:14CR00163-001 |
| | |
| LUIS X. PEREZ-LEON, | Sarah Evans Barker, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Luis Perez-Leon pleaded guilty to one count of Access Device Fraud, *see* 18 U.S.C. § 1029(a)(3). He then filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Perez-Leon has not accepted our invitation to respond to counsel's brief. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In the early hours one morning in the summer of 2014, officers of the Southgate (Michigan) Police Department observed a suspicious blue car parked in a Motel 6 lot with its trunk slightly open. The car appeared to be watched from afar by two men standing on the motel balcony. Two hours later the car was pulled over by the police for having an invalid license registration; the driver was Perez-Leon. He consented to a search of the vehicle, but nothing was found, and he was released. The officers contacted the Motel 6 and discovered that a man with the same identifiers Perez-Leon had given them during the stop had rented a room there. The officers went to the room and found Perez-Leon, who again consented to a search. This time, the officers found 349 "access devices" (credit cards), a laptop computer, a magnetic strip encoder, $1,330 in cash, two $500 money orders, and eleven money order transaction receipts totalling $3,746. The officers did not place Perez-Leon under arrest. Later that day he purchased a new laptop and rented a hotel room near Dayton, Ohio.

A few days later, Perez-Leon was again stopped by police, this time by the Rushville (Indiana) Police Department, for failing to signal a turn and for having an expired registration. Because Perez-Leon was unable to identify who owned the car, the officer suspected narcotics trafficking and called for a K-9 unit. The dog alerted to the presence of drugs, but a search of the car turned up only a counterfeit driver's license bearing Perez-Leon's photograph. The car was impounded, and a search revealed 36 access devices, a cell phone, 5 money orders totalling $2,600, 5 transaction receipts for money orders, and a notebook containing a transaction ledger. A search of the phone conducted the following day revealed a photograph of a laptop screen displaying magnetic strip encoding software with a visible access device account number. Another search a week later revealed 300 access device numbers and account numbers in Perez-Leon's email.

The district court found Perez-Leon responsible for 597 access devices and $315,265.93 in losses, resulting in a total offense level of 22—a base offense level of 6 (applicable to offenses under 18 U.S.C. § 1029(a)(3)), plus 12 levels[1] based on the amount of loss attributable to Perez-Leon's conduct, see U.S.S.G. §2B1.1(b)(1)(G), plus 2 levels based on the number of victims, see § 2B1.1(b)(2)(A), and 2 levels based on Perez-Leon's possession of device-making equipment, see §2B1.1(b)(11), minus 3 levels for acceptance

---

[1] The court determined the total loss to be $315, 265.93, based on 590 counterfeit or unauthorized access devices at $500 per device ($295,000), pursuant to U.S.S.G. § 2B1.1, app. n.3(F)(i), plus the actual loss for seven devices that were greater than $500 ($20,265.93).

of responsibility, *see* § 3E1.1(a). The district court then calculated the guideline sentencing range as 30 to 37 months and sentenced Perez-Leon to 30 months' imprisonment and two years' supervised release.

Counsel first tells us that Perez-Leon does not want his guilty plea set aside, and thus the lawyer appropriately forgoes discussing the voluntariness of the plea or the adequacy of Perez-Leon's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel then considers whether Perez-Leon could argue that the district court's loss calculation is clearly erroneous. At sentencing Perez-Leon acknowledged that he was responsible for *some* of the access devices, but he denied responsibility for other devices collected by his co-conspirators and he argued that certain devices had been double-counted. But the court's loss calculation properly includes all losses stemming from the reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity, even if the defendant was not directly involved in those acts. *See* U.S.S.G. §§ 1B1.3(a)(1)(B), 2B1.1 cmt. n.3(A); *United States v. Sheneman*, 682 F.3d 623, 631 (7th Cir. 2012). As the special agent who investigated the case testified, the 597 access devices attributed to Perez-Leon were all found either on a laptop or cellphone belonging to Perez-Leon or in a hotel room rented by him. And, the agent explained, care was taken to ensure that no access device numbers were counted twice. The court was entitled to credit the agent's detailed testimony about the process used to count the devices over what the court called Perez-Leon's vague "guesstimate." We agree with counsel that it would be frivolous to challenge the court's decision either to accept the agent's testimony or to attribute to Perez-Leon all 597 access devices and their associated losses.

Counsel next rejects as frivolous an argument that the sentence was substantively unreasonable. Perez-Leon's sentence is at the low-end of the guideline range and thus treated as presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011). Counsel has not identified any reason to question the presumption of reasonableness, nor can we. In imposing the low-end sentence, the sentencing judge acknowledged Perez-Leon's primary arguments in mitigation—that he was a young, first time offender who had had a difficult childhood with little familial support—and explained that his exceptional math skills demonstrated his potential to participate in lawful, productive work in the future. But the judge adequately justified her sentence with regard to the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense ("it sent out quite a lot of ripples" and was

"pretty sophisticated criminal activity") as well as the need to promote respect for the law and provide just punishment ("it's required quite a lot of time and attention . . . [and] law enforcement resources that were necessary to track down all the details of this and bring it to this culminating point . . . "). In any event, the district judge asked if Perez-Leon had any objections or requests for elaboration of her reasons for imposing the sentence, and his attorney said no; any argument he made now thus would be considered waived. *See United States v. Modjewski*, 783 F.3d 645, 654–55 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 568–69 (7th Cir. 2013).

Finally counsel considers whether she could bring a claim of ineffective assistance of counsel, but correctly concludes that such claims are best saved for collateral proceedings, at which stage a record may be more fully developed. *See United States v. Berg*, 714 F.3d 490, 499 (7th Cir. 2013); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005); *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.