NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016
Decided May 6, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-3825

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CR-30080-DRH-1 |
| JARED L. SEATS,<br>*Defendant-Appellant.* | David R. Herndon,<br>*Judge.* |

**O R D E R**

After an argument with his half-brother, Jared Seats twice fired a rifle from inside his house, at his half-brother and the half-brother's girlfriend, who were outside. Seats was arrested and eventually pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1). He was sentenced to 92 months' imprisonment and 3 years' supervised release. He filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Seats to comment on counsel's motion, but he has not responded. *See* Cir. R. 51(b). Counsel's brief in support of his motion explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the

subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that Seats does not wish to challenge his guilty plea, and thus the lawyer appropriately does not discuss the voluntariness of the plea or the adequacy of Seats's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel then considers a single argument: that Seats's prison sentence is substantively unreasonable. Counsel correctly rejects this potential argument as frivolous. At sentencing the district court calculated a total offense level of 23 and a criminal-history category of VI, resulting in a guidelines imprisonment range of 92 to 115 months—a determination that defense counsel did not dispute. Seats's 92-month sentence is at the low end of the guidelines range and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Williams-Ogletree*, 752 F.3d 658, 664 (7th Cir. 2014). Counsel has not identified any reason to question the presumption of reasonableness, nor can we.

To begin, the district court fully addressed Seats's primary argument in mitigation. Seats had contended that his criminal-history category is overstated because none of his many convictions resulted in significant prison time and several were committed before he turned 18. Seats wanted the court to sentence him as if he was in criminal-history category III rather than VI, but the court rejected this argument, noting that many of Seats's convictions did not receive any criminal-history points and opining that category VI accurately reflects Seats's "total disregard" for the law. The court added that, even if Seats was in criminal-history category III, the court still would impose a sentence "more consistent" with the calculated range. The court further addressed Seats's contention that leniency was appropriate because, Seats said, he is not a violent person and, as a teenager, had suffered the tragic death of his father. The court then received explicit assurance from defense counsel that all of Seats's arguments in mitigation had been discussed. Thus, any challenge to the court's consideration of those arguments would be considered waived. *See United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014); *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013).

The district court also adequately explained its sentence with regard to the factors in 18 U.S.C. § 3553(a). The court highlighted Seats's pattern of recidivism and the seriousness of his gun crime, emphasizing the "stunning" recklessness of firing a gun into a neighborhood and risking the lives of, not only his targets, but innocent

bystanders. The court further noted that Seats's offense was especially serious compared to most other § 922(g) cases, which, the judge said, ordinarily do not involve brandishing and shooting the firearm. Any challenge to the reasonableness of Seats's sentence would thus be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.