**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 9, 2017
Decided August 24, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1441

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 1:13-CR-00600-3 |
| CHARLES HARPER, | |
| *Defendant-Appellant*. | Samuel Der-Yeghiayan, |
| | *Judge*. |

**O R D E R**

Charles Harper pleaded guilty to attempted armed robbery. At sentencing he argued that he should serve his prison sentence for this conviction concurrently with a state prison sentence for a different armed robbery, but the district judge ordered that these sentences run consecutively. On appeal Harper contends that the judge did not adequately justify his sentence which, he says, effectively exceeded the range recommended by the Sentencing Guidelines. Because the district judge imposed a within-range sentence and sufficiently explained his reasons, we affirm.

Charles Harper made a career out of robbing jewelry stores. In 2011 he attempted to rob one such store in Chicago. After entering the store, he offered to sell jewelry to the store owner. When the owner began to walk toward the back to examine it, Harper leaped over the counter and drew his gun on the owner. Harper ripped off and pocketed the store owner's necklace and then dragged him to the back of the store. Harper then rushed to the front of the store and, upon finding the front door locked, shot out a window and escaped.

Harper had larger hauls from robbing other jewelry stores. In 2010 and 2011, he and his associates knocked off jewelry stores in Homer Glen, Illinois; Toledo, Ohio; and Orland Park, Illinois. One day after the Orland Park robbery, Harper was arrested. About 16 months later, in 2013, he pleaded guilty in the Circuit Court of Cook County to armed robbery for the hit on the Orland Park jewelry store and was sentenced to 22 years' imprisonment (though he was expected to be eligible for parole in 2022).

In 2015 Harper was indicted by a federal grand jury for both the attempted robbery in Chicago and the other robberies that he carried out. He was charged in a third superseding indictment with conspiring to commit Hobbs Act robbery[1] (for the robberies in Homer Glen and Toledo and the attempted robbery in Chicago), in violation of 18 U.S.C. § 1951(a) (counts one and two); attempting to commit Hobbs Act robbery (for the attempted robbery of the Chicago jewelry store) in violation of § 1951(a) (count three); and using a firearm while committing a crime of violence (the attempted armed robbery in Chicago) in violation of 18 U.S.C. § 924(c)(1)(A) (count four). Harper spent 21 months in federal custody, during which time he "participated in a proffer interview" with the FBI (without agreeing to "formally cooperate with the government") and pleaded guilty to the third and fourth counts.

Roughly four months after Harper pleaded guilty, the parties agreed that the § 924(c) offense in count four carried at least a 10-year sentence, to be served consecutively to any other sentence imposed, and that the advisory guidelines range for count three was 57–71 months (based on his offense level of 19 and criminal history category of V).

---

[1] Hobbs Act robbery is robbery that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a).

The central issue at sentencing was whether Harper's prison term for count three should run consecutively or concurrently to the prison term for his state court conviction. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d). In making this decision, the sentencing judge needed to consider the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3584(b); *United States v. Sandidge*, 784 F.3d 1055, 1065 (7th Cir. 2015).

In his sentencing memorandum, Harper argued that he should serve his prison term for count three concurrently with his state term because he was "not as dangerous as his record would suggest." He pointed to the statement of an FBI agent working on his case that he was not an "inherently violent individual." And during all his robberies, he noted, he fired only a single gunshot—and that was aimed not at a person but at the window of the Chicago jewelry store. At the sentencing hearing, counsel added that Harper's poor health—he was suffering from gout, severe gallstones, and an unspecified knee injury—made it unlikely that he would be a threat to society after 15 years' imprisonment (the remaining five years of his state term followed by ten years for count four), when he would then be roughly 58.

The government urged that the § 3553(a) factors supported Harper's serving consecutive sentences. It emphasized the seriousness of Harper's robberies—both those carried out and the one attempted—because he used guns to threaten his victims, stole valuable jewelry, and the Chicago heist in particular placed bystanders at risk because he shot out a window. Deterrence, the government added, had not stopped him from living a life of crime,[2] and a consecutive prison term would better protect the public from his criminal activity. Lastly the government asserted that a consecutive term would ensure that his sentence reflected the seriousness of his crime, lest he receive a "pass" for the attempted armed robbery conviction.

The district judge imposed a prison term of 60 months on count three and a term of 120 months on count four, both to run consecutively to one another and to his state prison term, as well as three years' supervised release. The judge justified this sentence by emphasizing Harper's extensive criminal history, the seriousness of his attempted

---

[2] Harper was arrested 27 times as a juvenile and 40 times as an adult and convicted of the following crimes: armed robbery, theft (four times), burglary, attempted burglary, unlawful use of a firearm (twice), assault, animal cruelty, drug dealing, and receiving and possessing a stolen car.

robbery of the Chicago jewelry store, and the need to protect the public from him and to deter Hobbs Act robbery. In explaining his reasons for ordering that the prison term for count three run consecutively to the state prison term, the judge stated "There's not sufficient justification based on the record to impose a concurrent sentence."

On appeal Harper raises three challenges to the district court's imposition of a consecutive, rather than concurrent, 60-month prison term on count three. First he contends that the district court did not adequately justify this term of imprisonment which, he says, extends his sentence roughly five years above the guidelines range of 177–191 months. Harper arrives at this estimation by adding the 68 months left on his state sentence to the 60-month prison term on count three and the 120-month term on count four.

Harper misapprehends how the guidelines affect his sentence. His 60-month prison term on count three falls within the guidelines range of 57–71 months for this conviction. Harper acknowledged in his sentencing memorandum that this range reflected the guidelines' recommended sentence. The district judge had the discretion to impose this term consecutively to the state court sentence. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(d); *United States v. Orozco-Sanchez*, 814 F.3d 844, 850–51 (7th Cir. 2016); *United States v. Roman-Diaz*, 853 F.3d 591, 597–98 (1st Cir. 2017). The guidelines recommend that a defendant receive a federal prison sentence concurrent to an undischarged or anticipated state prison term when a state offense is relevant conduct for a federal offense, *see* U.S.S.G. § 5G1.3(b), (c), *United States v. Schrode*, 839 F.3d 545, 550–51 (7th Cir. 2016), but the Orland Park robbery was not relevant conduct for the Chicago attempted robbery. *See Orozco-Sanchez*, 814 F.3d at 850–51; *Roman-Diaz*, 853 F.3d at 598.

Moreover the district judge, as directed by 18 U.S.C. § 3584(b), justified his ruling with reference to the § 3553(a) factors. Regarding Harper's history and characteristics,

the judge catalogued his extensive criminal history[3]  and noted his difficult childhood.[4] Regarding the need for the sentence to reflect the seriousness of the offense, the judge emphasized that Harper placed bystanders "at great risk" by firing his gun during the Chicago holdup. The judge added that Harper and others needed to be deterred from committing armed robberies, and the public needed to be protected from him (as reflected in the Chicago attempted robbery when he shot his gun). And to the extent that Harper needed medical care after getting treatment in state prison, the judge noted that he could receive it in federal prison.

Second, Harper argues that the court, in imposing the consecutive sentence, failed to consider one of the application notes to U.S.S.G. § 5G1.3 that addresses alleged sentencing disparities created by fortuities in the timing of federal and state prosecutions. He cites application note 4(E), which states that a downward departure from a guidelines range may be appropriate in an "extraordinary case," such as when the sequence of separate prosecutions for crimes that have overlapping partially relevant conduct extends the length of a defendant's time in prison. *See* U.S.S.G. § 5G1.3 cmt.4(E). In Harper's view, had he been convicted in state court of both the Orland Park armed robbery and the Chicago attempted armed robbery, then "concurrent sentencing would have been mandatory." He adds that, had he been sentenced in federal court for the Chicago attempted armed robbery before being sentenced in state court for the Orland Park robbery, concurrent sentencing also would have been mandatory.

This case, however, is not "extraordinary." According to the example in application note 4(E), an "extraordinary case" can involve a defendant who already has served substantial time in prison for an offense encompassing the same partially relevant conduct as the instant offense. *See* U.S.S.G. § 5G1.3 cmt.4(E). But Harper's robberies of the Chicago and Orland Park jewelry stores do not have overlapping partially relevant conduct because they were different heists involving different victims

---

[3] The judge pointed to Harper's "prior convictions and arrests for receiving, possessing, and selling a stolen vehicle, burglary, disorderly conduct, criminal trespass, attempted possession of a controlled substance, attempted possession of cannabis, assault, cruelty to animals, owning animals for sport fighting, being a felon in possession of a firearm, unlawful use of a weapon and possession of cannabis."

[4] Harper grew up in the Cabrini Green housing projects, and both of his parents used drugs, which made money "always tight" and resulted in he and his siblings often not having "proper clothing, shoes, or school supplies."

that occurred more than one month apart. Further, he has not identified anything extraordinary about his case. As a final matter, he overlooks the discretion afforded to Illinois sentencing judges to impose consecutive prison terms, if necessary to protect public safety. *See* 730 ILCS 5/5-8-4(c)(1). *See also, e.g., People v. Johnson*, 43 N.E.3d 1253, 1257 (Ill. App. Ct. 2015).

Third, Harper contends that the district judge ignored his argument that upon leaving prison, his advanced age (he would be about 58) would make it unlikely that he would recidivate. The district judge indeed said little at sentencing, but he did say enough when he acknowledged that he had "considered the defendant's age."

Finally, Harper urges that the proceedings be remanded so that the district court could consider a sentencing argument that he "erroneously withdr[ew] as moot." He refers to his supposed eligibility for a downward departure based on the time he spent in federal custody between 2015 and 2017; this eligibility, he says, was the basis for an argument that he did not press at sentencing because the concurrent sentence he sought would have rendered the matter moot. He contends that the district court committed procedural error by not addressing this argument.

The district court did not err because Harper never raised this argument in the district court. He did not mention any such argument in his sentencing memorandum or at the sentencing hearing. As Harper notes, his attorney at sentencing thought it "moot" whether Harper received a downward departure for his time in federal custody if he received "a guideline sentence on Count 3 and assuming that it's concurrent." The court permissibly did not comment upon this statement, which merely was an observation rather than a mitigation argument that the district court needed to discuss. *See United States v. Donelli*, 747 F.3d 936, 940 (7th Cir. 2014).

AFFIRMED.