In the

 United States Court of Appeals
 for the Seventh Circuit
 ____________________
No. 21-2297
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

BENNY BUTLER,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Illinois, Eastern Division.
 No. 1:17-CR-00700(1) — Andrea R. Wood, Judge.
 ____________________

 ARGUED APRIL 27, 2022 — DECIDED JANUARY 24, 2023
 ____________________

 Before SYKES, Chief Judge, and BRENNAN and SCUDDER,
Circuit Judges.
 SYKES, Chief Judge. Benny Butler downloaded, distributed,
and shared a vast amount of child pornography via internet
chat rooms catering to this trade. After tracking him online
for several weeks, investigators obtained a search warrant
and seized ten electronic devices from his home. Forensic
review of the devices revealed more than 10,000 images and
videos of child pornography. Much of this material involved
2 No. 21-2297

very young children—including babies—and some depicted
sadistic and masochistic content. For this conduct Butler
pleaded guilty to a single count of transporting child por-
nography using a means of interstate commerce. The district
judge imposed a prison sentence of 188 months, the bottom
of the properly calculated Sentencing Guidelines range.
 Butler appeals his sentence. Appearing by the same
attorney who handled his case below, he contends without
elaboration that the judge did not adequately consider his
“background and mitigating circumstances” and that a
lower sentence was warranted “in light of his background
and mitigating circumstances.” Counsel oﬀers no speciﬁcs.
 The claim of procedural error was waived below and is
undeveloped on appeal; it is also frivolous on the merits. To
the extent that this appeal purports to challenge the sentence
as substantively unreasonable, that claim too is woefully
undeveloped and frivolous. We aﬃrm the judgment.
 I. Background
 After monitoring Butler’s activity in internet chatrooms
where child pornography is shared, law enforcement deter-
mined his identity and obtained and executed a search
warrant at his Chicago home, seizing ten electronic devices.
Forensic review of the devices revealed his extensive collec-
tion of child pornography: more than 7,600 images and more
than 2,800 videos, many involving prepubescent children,
some involving babies, and some depicting sadistic and
masochistic content. In March 2018 a grand jury indicted
Butler for child-exploitation and child-pornography crimes.
After several years of competency proceedings, he was
conﬁrmed competent and pleaded guilty to a single count of
No. 21-2297 3

knowingly transporting child pornography using a means or
facility of interstate commerce, 18 U.S.C. § 2252A(a)(1).
 At sentencing Butler agreed that the presentence report
correctly calculated the advisory Guidelines range as 188 to
235 months in prison. There were no factual disputes to
resolve at sentencing, and neither side called any witnesses.
Still, the hearing was extremely thorough, spanning more
than two and a half hours. The prosecutor urged the court to
impose a sentence of 188 months—the bottom of the Guide-
lines range—because Butler possessed a “staggering
amount” of child pornography, much of it involving very
young children and some depicting sadomasochistic content.
She reminded the judge that Butler had actively traded and
shared this horriﬁc material online, and she emphasized the
irreparable trauma suﬀered by the child victims as expressed
in the victim-impact statements.
 The prosecutor also brieﬂy discussed Butler’s mental-
health conditions and history of childhood abuse. As the
judge was well aware from the competency proceedings and
the presentence report, Butler suﬀers from bipolar disorder,
personality disorder, and several mood disorders, and he
was himself the victim of sexual, physical, and emotional
abuse as a child. The prosecutor acknowledged that history
as a mitigating factor, but she also pointed out that Butler’s
criminal record reﬂected a troubling pattern of acting on his
prurient interest in children, including an adult conviction
for boarding a school bus while impersonating a police
oﬃcer and another for child abduction in which he again
posed as a police oﬃcer and attempted to lure children into
his car. In sum, the prosecutor argued that these alarming
episodes in Butler’s criminal history, together with the
4 No. 21-2297

magnitude of his oﬀense conduct, called for a substantial
prison sentence.
 Butler’s attorney argued for a below-Guidelines sentence
of 96 months. He focused on Butler’s struggle with mental
illness and his history of childhood sexual abuse by his
mother’s boyfriends. When the time for allocution came,
Butler talked about his background and psychological
struggles, telling the judge that when he was young, people
he trusted had hurt him “in ways no innocent life should
ever experience.” He also expressed regret for contributing
to the suﬀering of the children whose abuse was depicted in
the images he collected and traded. And he admitted that he
needed mental-health treatment and help controlling his
impulses.
 The judge began her sentencing remarks by explaining
that she had “considered all of the information that [had]
been presented, the results of [p]robation’s investigation,
[and] the arguments and supporting materials that ha[d]
been provided by the parties.” She recognized that Butler’s
“own personal history and characteristics … [are] where the
greatest arguments for mitigation lie.” In particular, she
acknowledged the signiﬁcance of “his personal history of
sexual, physical, and emotional abuse[,] as well as the strug-
gles that he’s had with mental illness and all the challenges
that has created for him along the way.”
 The judge speciﬁcally addressed how she weighed the
mitigating factors of Butler’s mental illness and childhood
victimization against the need to protect the public. First, she
described the challenge:
No. 21-2297 5

 I ﬁnd [determining the sentence] particularly
 diﬃcult here because there is so much uncer-
 tainty in trying to determine what’s suﬃcient
 but not greater than necessary in order to safe-
 guard the public on the one hand but not un-
 necessarily punish Mr. Butler[,] who for much
 of his life has been a victim as much as the vic-
 tims in the pornography that he is charged
 with possessing and transporting.
 The judge went on to explain that she had taken account
of the “really horrifying and sad details” of the childhood
abuse Butler had suﬀered as well as his remorse for contrib-
uting to the victimization of other children. But his oﬀense
conduct was “incredibly serious” and involved an enormous
volume of child pornography, including “sexually explicit
and sadistic images involving the youngest of children,”
many quite “shocking in their nature.” The judge also
observed that Butler had actively “distributed, downloaded,
and traded” this material online.
 The judge expressed particular concern about the risk
that Butler would exploit or sexually assault children in the
future based on his criminal history of impersonating a
police oﬃcer “to get close to children.” On this point Butler’s
conviction for child abduction was especially troubling
because it suggested that “he took steps toward[] … possibly
acting on … the impulses that were connected to watching
these images.” This criminal history, she reasoned, made
Butler more dangerous than other child-pornography
oﬀenders. For these reasons, the judge rejected the argument
for a below-Guidelines sentence, explaining that a more
6 No. 21-2297

substantial sentence was necessary to protect the communi-
ty.
 In the end, the judge agreed with the government’s rec-
ommendation and imposed a sentence of 188 months in
prison, the bottom of the Guidelines range. She also imposed
a 20-year period of supervised release and restitution to the
victims. After explaining the conditions of supervised re-
lease, the judge addressed Butler’s attorney and asked if he
was satisﬁed that she had “addressed the main arguments in
mitigation.” Counsel answered in the aﬃrmative: “I believe
you have, Your Honor.”
 II. Discussion
 Butler’s attorney was appointed under the Criminal Jus-
tice Act, 18 U.S.C. § 3006A, and we continued that appoint-
ment for purposes of appeal. As we’ve noted, counsel
assured the judge at the end of the sentencing hearing that
she had adequately addressed his main arguments in mitiga-
tion. On appeal he says exactly the opposite. He asserts that
the judge did not suﬃciently consider his client’s “back-
ground and mitigating circumstances.” But he does not
elaborate. He neither identiﬁes what he thinks the judge
overlooked nor explains why the omission was consequen-
tial.
 Though counsel does not frame it as such, this is a claim
of procedural error. We reject it for three reasons: (1) it was
waived below; (2) it is undeveloped on appeal; and (3) it is
frivolous on the merits.
 First, the argument is waived because the judge speciﬁ-
cally asked counsel if she had addressed his main arguments
in mitigation and he responded that she had. When defense
No. 21-2297 7

counsel is asked if the mitigation arguments have been
addressed and “expresses satisfaction with the judge’s
explanation” of the sentence, the defendant is “foreclosed
from arguing on appeal that a principal argument remained
unaddressed.” United States v. Donelli, 747 F.3d 936, 941 (7th
Cir. 2014).
 The government raised the waiver point in its brief.
Counsel’s only reply was that it is “inappropriate for a party
to debate the court.” But he did not have to “debate” the
judge to avoid waiver. The judge directly invited him to
identify anything that required further consideration, and he
assured her that she had covered everything. That conces-
sion is a waiver. See United States v. Lewis, 823 F.3d 1075, 1084
(7th Cir. 2016).
 At oral argument counsel tried to evade this conclusion,
saying that he responded as he did because he wanted to
avoid “going around in circles” with the judge on mitiga-
tion. That’s not an argument against waiver; it’s a concession
that the judge had already considered his mitigation argu-
ments.
 So the claim was waived below. It is also undeveloped on
appeal, which is another form of waiver. See, e.g., United
States v. Davis, 29 F.4th 380, 385 n.2 (7th Cir. 2022) (explain-
ing that perfunctory and undeveloped arguments are
waived); United States v. Barr, 960 F.3d 906, 916 (7th Cir.
2020) (same). The argument section of the opening brief
asserts only that the judge did not adequately consider
Butler’s “background and mitigating circumstances.” Coun-
sel does not explain which background circumstances or
mitigating factors were insuﬃciently addressed, nor does he
develop an argument that any omission was meaningful in
8 No. 21-2297

the context of the sentencing record as a whole. Indeed, the
entire brief is just six pages long (exclusive of the jurisdic-
tional statement and the signature page). The argument
section is barely four pages, and quotations from the judge’s
sentencing remarks span two of those four pages. Counsel’s
abject failure to develop an argument about procedural error
means that the claim is doubly waived.
 Moreover, any claim of procedural error is frivolous on
this record. Reviewing the judge’s procedural steps de novo,
see Barr, 960 F.3d at 914, we ﬁnd no error. Indeed, this was a
ﬂawless sentencing proceeding. The judge gave the parties
and Butler himself ample time—more than two and a half
hours—to make their presentations. She had reviewed the
PSR and the parties’ submissions, which shows that she
considered the mitigation arguments advanced by the
defense. See United States v. Stephens, 986 F.3d 1004, 1009 (7th
Cir. 2021).
 Beyond that baseline, the judge’s remarks throughout the
hearing demonstrate her close familiarity with the details of
the sentencing decision before her and the arguments both
sides had presented, as the passages we have quoted above
show. She repeatedly referred to Butler’s background and
characteristics—including his mental-health struggles and
the sexual and other abuse he had experienced as a child.
Indeed, the judge painstakingly described the challenge of
balancing the mitigating and aggravating factors in Butler’s
case and explained how she weighed his history of child-
hood abuse against the seriousness of his crime and the
danger he poses to children. She was thoughtful and fair
throughout, and her analysis and explanation of the sen-
No. 21-2297 9

tence was careful and complete. In short, the record is de-
void of any support for a claim of procedural error.
 Counsel’s opening brief also gestures toward an argu-
ment that Butler’s sentence is substantively unreasonable.
This claim is likewise wholly undeveloped and frivolous. A
within-Guidelines sentence is presumptively reasonable.
United States v. Cunningham, 883 F.3d 690, 701 (7th Cir. 2018).
Counsel neither acknowledges the presumption nor makes
any argument to overcome it.
 Accordingly, we aﬃrm the judgment. By separate order,
we address counsel’s conduct in advancing frivolous argu-
ments in this appeal.
 AFFIRMED