In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-2657

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JESSE MICKLES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cr-00173 — **Sarah Evans Barker**, *Judge.*

ARGUED MAY 11, 2026 — DECIDED JUNE 4, 2026

Before ROVNER, SYKES, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge*. Jesse Mickles admitted during a traffic stop that he was a felon and had a firearm in his car. Police found that gun under the driver's seat, and before long, Mickles pled guilty to violating 18 U.S.C. § 922(g)(1). He argues on appeal that the district court plainly erred in accepting this plea because it lacked a factual basis, but the factual basis is irrefutable, so we affirm.

## I. Background

In July 2020, Jesse Mickles was driving down I-70 when an Indiana state trooper pulled him over. After the trooper asked Mickles if he had any weapons, Mickles admitted that he had a firearm in the car—and that he was a felon. The trooper found that firearm under the driver's seat.

Two weeks later, a grand jury indicted Mickles under 18 U.S.C. § 922(g)(1), which forbids felons from possessing firearms. Mickles entered into a plea agreement that stipulated the facts above as the basis for his guilty plea. In advance of his change-of-plea hearing, Mickles submitted an affidavit signed by Steve Gray, the owner of the firearm that Mickles admitted to possessing. According to the affidavit, Mickles was returning the firearm to Gray, who had left it at Mickles's home, when the trooper pulled him over.

At the change-of-plea hearing, Mickles confirmed that he understood the charge against him to be possessing a firearm as a previously convicted felon. The court asked him if he had any questions about that charge or its essential elements, to which Mickles responded he was "very clear on it." He further assured the court that he had read the plea agreement—which listed the elements of § 922(g)(1) and the factual basis—and "thoroughly went over it" with his attorney. Mickles later confirmed that the plea agreement's stipulated factual basis accurately reflected his conduct. The court accordingly accepted Mickles's plea as knowing, voluntary, and supported by an adequate factual basis.

## II. Discussion

Mickles contends that the district court violated Federal Rule of Criminal Procedure 11(b)(3), which provides: "Before

entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." In Mickles's telling, the district court lacked evidence that he knowingly possessed the firearm—a necessary element under § 922(g)(1). *See United States v. Coley*, 137 F.4th 874, 882 (7th Cir. 2025) (listing the elements of this offense). Mickles concedes that because he did not object to the factual basis below or move to withdraw his plea, our review is only for plain error. *See United States v. Power*, 170 F.4th 640, 644 (7th Cir. 2026).

For purposes of § 922(g)(1), "[p]ossession may be either actual or constructive." *United States v. White*, 95 F.4th 1073, 1078 (7th Cir. 2024). Whereas "direct physical control over a thing" constitutes actual possession, "[c]onstructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object." *Henderson v. United States*, 575 U.S. 622, 626 (2015). "Proximity together with evidence showing a connection between the defendant and the gun is sufficient to establish constructive possession." *Coley*, 137 F.4th at 882; *see White*, 95 F.4th at 1078.

The factual basis supporting constructive possession is overwhelming, so the district court did not err, let alone plainly err. As an initial matter, Mickles concedes that he had exclusive control over the vehicle in which the trooper found the firearm. That alone suffices, as we have time and again explained that a defendant's proximity to contraband, together with his exclusive control over the premises wherein the contraband was located, is enough to establish constructive possession. *Coley*, 137 F.4th at 882; *see, e.g.*, *United States v. Perryman*, 20 F.4th 1127, 1133 (7th Cir. 2021); *United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012). But there is more:

Mickles was driving the vehicle when the trooper found the firearm under his seat, which further establishes constructive possession under our precedents. *See, e.g.*, *United States v. Garrett*, 903 F.2d 1105, 1107–11 (7th Cir. 1990) (upholding a § 922(g)(1) conviction where police arrested the defendant just before he entered a vehicle containing a gun on the floor of the driver's side); *United States v. Morris*, 576 F.3d 661, 670 (7th Cir. 2009) (upholding a § 922(g)(1) conviction where police found a firearm in the storage compartment of a car the defendant had driven on several occasions and was in immediately before the search). And Mickles's admission to police that he had a firearm dispels any notion that he lacked the requisite mens rea.

Mickles's only counterargument—that he was merely returning Gray's firearm and thus lacked the intent to control that constructive possession requires—both rests on a mistaken legal premise and backfires. First, Gray's ownership of the firearm is legally irrelevant. *See United States v. Hubbard*, 61 F.3d 1261, 1272 (7th Cir. 1995) ("[T]he fact that [the defendant] did not own the guns does not vitiate his possession of them for purposes of section 922(g)."). And more fundamentally, Mickles's intent to return the firearm only *proves* possession, as Mickles could not bring the firearm from his home to Gray's without "the power and intent to exercise control over" the firearm (and thus constructive possession), if not "direct physical control" over it (and thus actual possession). *Henderson*, 575 U.S. at 626. The factual basis underpinning Mickles's guilty plea was more than adequate.

To some extent in his reply brief, and to a greater extent at oral argument, Mickles attempted to claim that his plea was not knowing and voluntary because the district court

insufficiently reviewed the elements of the offense with him. But the only argument his opening brief develops is that his guilty plea lacked a factual basis, so he has waived all other claims. *See United States v. Butler*, 58 F.4th 364, 368 (7th Cir. 2023) (arguments not developed in an opening brief are waived); *United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) (same).

*       *       *

The judgment of the district court is

AFFIRMED.